# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-51176
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2016

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN VALDEZ-CORRAL, also known as Ruben Martinez-Velazquez,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1492-1

————

Before REAVLEY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ruben Valdez-Corral appeals a 70-month within-guidelines sentence imposed following his convictions for attempted illegal reentry and for fraud and misuse of visas or permits. Valdez-Corral challenges the substantive reasonableness of his sentence. He argues that his guidelines range was too high because U.S.S.G. § 2L1.2 is not empirically based and contains offense levels that were established in a "problematic manner." In particular, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenges the weight given to a prior drug conviction because it was used both to enhance his offense level by 16 under § 2L1.2(b)(1)(A) and to calculate his criminal history score.  Additionally, he argues that his sentence overstated the seriousness of his nonviolent illegal reentry offense and failed to reflect his personal history and characteristics.

Because Valdez-Corral did not object to the reasonableness of his sentence in the district court, review is limited to plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Although he makes this concession, Valdez-Corral seeks to preserve the issue of whether the failure to object to the reasonableness of a sentence upon its imposition requires plain-error review.

Within-guidelines sentences are presumed to be reasonable.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  Valdez-Corral contends that his within-guidelines sentence should not be presumed reasonable because § 2L1.2 lacks an empirical basis.  However, as he concedes, this issue is foreclosed.  *See id.* at 365-67.  Additionally, this court has rejected his argument that double-counting his prior drug conviction in both his offense level and his criminal history score necessarily renders his sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009).  This court also has not been persuaded by the argument that the Guidelines fail to account for the nonviolent nature of an illegal reentry offense.  *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered the arguments that Valdez-Corral raised at sentencing regarding his personal history and characteristics and determined that a 70-month sentence was appropriate in light of his criminal history, which involved nine different convictions; his prior removal from the United States on three separate occasions; and the drug-related nature of his prior

convictions. "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Valdez-Corral's disagreement with the propriety of his within-guidelines sentence does not rebut the presumption that his sentence was reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). He has not shown sufficient reason for this court to disturb the presumption of reasonableness applicable to his sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has failed to establish that the district court committed plain error.

Accordingly, the district court's judgment is AFFIRMED.